A. & S. TRANSPORTATION CO., as owner of the barge Dykes, Libelant-Appellee,

v.

UNITED STATES of America, as owner of the DREDGE ESSAYONS, Respondent-Appellant,

v.

TUG CYNTHIA MORAN and Moran Towing & Transportation Co., Inc., Respondent-Impleaded-Appellee.

UNITED STATES of America, as owner of the dredge Essayons, Libelant-Appellant,

v.

The BARGE DYKES, A. & S. Transportation Co., the TUG CYNTHIA MORAN and Moran Towing & Transportation Co., Inc., Respondents-Appellees.

Nos. 268, 269, Dockets 27251, 27252.

United States Court of Appeals Second Circuit.

Argued March 27, 1962.

Decided April 20, 1962.

See also 290 F.2d 660.

· Louis E. Greco, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, New York City (William H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Morton S. Hollander, Chief, Appellate Section. Civil Div., and Philip A. Berns, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., on the brief), for United States, respondent-appellant and libelant-appellant.

Max Taylor, New York City (Krisel, Beck & Taylor, New York City, on the brief), for A. & S. Transp. Co., libelant-appellee and respondent-appellee.

Robert F. Lynch, New York City, (Eugene Underwood and Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for Moran Towing & Transp. Co., Inc., respondent-impleaded-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

PER CURIAM.

As the seagoing, self-propelled, hopper dredge "Essayons," owned by appellant United States, proceeded in a westerly direction in Sandy Hook Channel at about 9:00 P. M. on November 21, 1958, she came into collision with the fully loaded barge "Dykes," in tow of the tug "Cynthia Moran," going in the opposite direction in the channel. Witnesses testified that there was ample room for the usual port-to-port passing but that the dredge suddenly swerved to port and hit the tow; and the trial judge so found. Improbable as this may seem, stranger things have happened. The vessels were fully aware of their own and each other's positions, all lights were burning brightly and the strong ebb tide would hardly seem to have been a factor, except perhaps after the sheer to port was well started. In any event, it is clear to us that the absence of lookouts could not possibly have contributed to the collision, and it is not surprising that the subject is not even referred. to in the opinion of the trial judge. The matters pressed upon our attention fall in the same category as Dykes' Exhibit 4, a graph of

the power output of the two engines of the "Essayons." This and the documentary evidence adduced by appellant were duly considered by the trial judge, and, after giving all such evidence proper consideration, he reached the conclusion that he believed the witnesses of appellees and decided the case accordingly. We cannot agree that Findings Nos. 6 and 7 are clearly erroneous. The case presented simple questions of fact and these were decided against appellant on the basis of evidence we cannot say was incredible as matter of law.

Affirmed.